**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 01-30229**
**Summary Calendar**

**MEDFORCE, INC.,**

**Plaintiff-Appellant,**

**versus**

**RELIANCE INSURANCE COMPANY; CAMPANIA MANAGEMENT COMPANY, INC.,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(99-CV-3898-F)**

**July 20, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Medforce, Inc., appeals the summary judgment granted Reliance Insurance Company and Campania Management Company. Medforce asserts primarily that the district court erred by concluding that a formal claim was *not* made against Medforce within the policy period. Because we conclude that Smith's claims were *not* made before the policy was terminated, we need *not* address the remaining issues regarding Reliance's alternative grounds for summary judgment.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This action by Medforce seeks indemnification for its costs in defending an action filed by its former employee, Mona Lisa Smith. During her employment with Medforce, Smith was covered under a group health insurance policy provided by Great West Insurance Company. In September 1997, Smith ended her employment with Medforce. When Smith returned to Medforce the next month, she was told she was still covered under the group health plan.

In January 1998, Smith contacted Great West to report a medical claim, and was informed that Medforce's group health plan had been terminated in July 1997, due to non-payment of premiums. In October 1998, Smith filed the above-referenced action against Medforce, asserting: Medforce never informed her the policy was canceled; it breached its contract to provide health insurance coverage; and it was negligent in advising her she would be covered by the group policy when she returned to work. Smith's action was settled.

Medforce sought coverage from Reliance under the Commercial General Liability Coverage Policy it issued to Medforce through Campania. Reliance denied coverage, asserting, *inter alia*, that Smith's claims against Medforce were *not* made until *after* its policy had been terminated on 5 September 1998, for non-payment of premiums.

II.

A summary judgment is reviewed *de novo*. *E.g., **Resolution Trust Corp. v. Ayo***, 31 F.3d 285, 289 (5th Cir. 1994). Such judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, reveals *no* genuine issues of material fact. FED. R. CIV. P. 56(c); *Ayo*, 31 F.3d at 289.

It is undisputed that the Reliance policy is a claims made policy in which, as in the policy in ***Federal Deposit Ins. Corp. v. Barham***, 995 F.2d 600 (5th Cir. 1993), "claims" refer to *demands* which could result in legal obligations to pay damages. As it did in the district court, Medforce contends the requisite notice of claim was given Reliance on 6 August 1998, pursuant to a 3 August letter from Smith's attorney.

Upon review of the letter from Smith's attorney, however, we agree with the district court that it does *not* constitute a claim against Medforce. Although referencing the "Claims of Mona Lisa Smith", the letter states it is "one last attempt to have [Smith's] bills paid", and requests "a copy of the summary plan description and ... any appeal process ... necessary to have those bills paid"; it seeks to "resolve this matter informally to Ms. Smith's satisfaction or in two weeks, [Smith] will have to pursue it judicially". The letter merely requests payment of outstanding medical bills from Great West and information regarding the process for appealing a denial of coverage; at most, it was a potential

3

claim against Medforce.  *See* **Federal Deposit Ins. Corp. v. Booth**, 82 F.3d 670, 677 (5th Cir. 1996) (letter suggesting charges may be filed in future too tenuous to constitute claim).

### III.

For the foregoing reasons, the judgment is

**AFFIRMED**.